IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOEL K. KIRUNDI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.3:09-CV-467 |
| | ) |
| ASSURANT SPECIALTY PROPERTY | ) |
| d/b/a ASSURANT SOLUTIONS, and | ) |
| ASSURANT, INC.,[1] | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Motion for Judgment on the Pleadings, filed on November 2, 2009. For the reasons set forth below, the motion is **GRANTED**. The Clerk of the Court is **ORDERED** to **DISMISS** Plaintiff's claim against the Defendants **WITH PREJUDICE**.

BACKGROUND

Plaintiff obtained a mortgage on his property located at 222 North Taylor Street, South Bend, Indiana, 46601 (the "Property").

---

[1]Assurant Specialty Property d/b/a Assurant Solutions, incorrectly identified in the caption as a defendant, is not a corporation, association, or entity capable of being made a defendant in this action. Rather, Assurant Specialty Property and Assurant Solutions are registered service marks owned by Assurant, Inc. Assurant Specialty Property is a brand and trade name under which certain insurance companies do business, including American Security Insurance Company. Because Plaintiff's claim is dismissed, this Court will overlook this error and proceed.

On September 2, 2007, the Property was damaged by fire. Plaintiff's Complaint, filed on August 31, 2009, alleges a breach of contract against the Defendants for failing to pay the insurance benefits of insurance policy no. MIH7710679B (the "Policy").

On November 2, 2009, Defendants filed their Motion for Judgment on the Pleadings, arguing that Plaintiff cannot prove any set of facts that would support the claim as set forth in the Complaint. Plaintiff (who is represented by counsel) has not filed a response brief. Accordingly, the instant motion is ripe for adjudication and will be ruled on without the benefit of a response from Plaintiff.

DISCUSSION

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). This Court reviews Rule 12(c) motions by employing the same standard that applies when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Thus, we take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th

Cir. 2007). The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Despite this, the claim must give the defendant fair notice of the allegations and the ground upon which they rest. *Pisciotta*, 499 F.3d at 633. "Factual allegation must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court recently revisited the issue of a complaint's factual sufficiency in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). To survive a motion to dismiss, all claims must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim establishes facial plausibility when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A court does not have to accept as true all legal conclusions contained in the complaint; on the contrary, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Whether a claim rises to the level of plausibility is a fact sensitive

inquiry which requires the reviewing court to "draw on its judicial experience and common sense." *Id*. at 1950.

The facts reveal that Plaintiff obtained a mortgage through Ameriquest Mortgage Company ("AMC") on the Property. (Ex. B, Coverage Letter; Ex. A, Policy at 1). Notice was sent to Kirundi indicating that he had not provided AMC with acceptable evidence of continuous insurance coverage on the Property, and that AMC obtained lender-based residential hazard insurance coverage from General Insurance Company of America ("GICA") in order to protect AMC's security interest in the Property. (Ex. B, Coverage Letter). Both the coverage letter and the Policy listed AMC as the sole insured and beneficiary of the policy. (Ex. B, Coverage Letter; Ex. A, Policy at 1). On April 24, 2007, Plaintiff was informed that AMC had obtained insurance in order to protect their interest in the property and was encouraged to obtain replacement coverage. (Ex. B, Coverage Letter). Among other things, the Policy states that no action may be brought against the insurer unless "the action is started within one year after the loss." (Ex. A, Policy at 12). On September 1, 2007, Citi Residential Lending, Inc. ("Citi Residential") became the successor in interest of the Policy and was the only named insured under the Policy from that date forward. (Ex. A., Policy at 35).

On September 2, 2007, the Property sustained a fire loss. (Complaint ¶ 4). The loss was covered by the Policy, and the benefits were paid to the named insured, Citi Residential. (Answer ¶ 4). After the fire, Plaintiff submitted a claim for benefits under the Policy, which was denied. (Complaint ¶ 4). On August 31, 2009, almost two years after the date of loss, Plaintiff commenced this action alleging a breach of contract. (Complaint). The Complaint alleges that Plaintiff is entitled to relief for the amount of the loss of the structure, benefits for loss of rents/income, and for lost personal property. (Complaint ¶ 5).

On November 2, 2009, Defendants filed the instant Motion for Judgment on the Pleadings. The Defendants raise four arguments. The Defendants argue that Plaintiff's claims are barred by the one-year contractual limitation period contain in the Policy. Additionally, the Defendants argue that neither the Plaintiff nor Defendants are parties to the policy, and therefore no breach of contract action can be sustained between Plaintiff and Defendant. Defendants contend that the Plaintiff is not a named insured on the policy or a third-party beneficiary under the policy, and therefore lacks standing to bring this suit and/or is not the real party in interest. Lastly, Defendants assert that Plaintiff failed to schedule his claim in his Chapter 7 bankruptcy

petition, and that the claim remains the property of the bankruptcy estate. Further, that the trustee in bankruptcy is the real party in interest.

Standing

In order to recover under a breach of contract claim, a plaintiff must prove that: "(1) a contract existed; (2) the defendant breached the contract; and (3) the plaintiff suffered damage as a result of the defendant's breach." *Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007); *see Smith v. State Lottery Comm'n of Indiana*, 812 N.E.2d 1066, 1072 (Ind. Ct. App. 2004). The mere presence of a contract does not satisfy the first element of a breach of contract claim; on the contrary, Indiana law has consistently held that "only the parties to a contract, those in privity with the parties, and intended third-party beneficiaries under the contract may seek to enforce the contract." *Harold McComb & Son, Inc. v. JPMorgan Chase Bank, NA*, 892 N.E.2d 1255, 1258 (Ind. Ct. App. 2008) (citing *Gonzales v. Kil Nam Chun*, 465 N.E.2d 727, 729 (Ind. Ct. App. 2004). A third-party beneficiary "may sue the insurer directly to enforce the contract between the insurer and the insured." *Cain v. Griffin*, 849 N.E.2d 507, 514 (Ind. 2006). However, it is not enough that the performance of the contract would benefit the third party.

*Id.* (citing *OEC-Diasonics, Inc. v. Major*, 674 N.E.2d 1312, 1315 (Ind. 1996). "The intent of the contracting parties to bestow rights upon a third party must affirmatively appear from the language of the instrument when properly interpreted and construed." *Id.* (quoting *OEC-Diasonics*, 674 N.E.2d at 1315). The basis behind this approach is couched in long-standing Supreme Court jurisprudence: "The parties to a contract are the ones to complain of a breach, and if they are satisfied with the disposition which has been made of it and of all claims under it, a third party has no right to insist that it has been broken." *Williams v. Eggleston*, 170 U.S. 304, 309 (1898).

Plaintiff's Complaint is limited to blanket assertions that the Property was covered under the Policy at the time of the fire and that Plaintiff is entitled to the benefits under the Policy. (Complaint ¶¶ 3, 5). In addition to the Complaint, the Policy itself lists AMC as the sole named insured party (Ex. A, Policy at 1) and the Coverage Letter reveals that the Policy was ordered to protect AMC's interest alone (Ex. B, Coverage Letter). The facts also reveal that the insurer paid the Policy benefits to the insured, further eliminating any potential third-party beneficiary claim. (Answer ¶ 4). Based on these allegations and the evidence brought forward by the Defendants, Plaintiff has not

set forth a sufficient basis to establish standing to bring a claim under the Policy.

One-Year Claim Limitation Term

In Indiana, an insurance policy is a contract and in determining the liability coverage of an insurance policy, the law of contract applies. *Eli Lilly and Co. v. Home Ins. Co.*, 482 N.E.2d 467, 470 (Ind. 1985); *State Farm Mutual Auto. Ins. Co. v. Cox*, 873 N.E.2d 124, 127 (Ind. Ct. App. 2007). If an insurance policy's terms are clear and unambiguous, "courts must give those terms their clear and ordinary meaning." *Cox*, 873 N.E.2d at 127; *see Orrell v. Green*, 834 N.E.2d 727, 729 (Ind. Ct. App. 2005).

> An insurance policy that is unambiguous must be enforced according to its terms, even those terms that limit an insurer's liability. Thus we may not extend insurance coverage beyond that provided by the unambiguous language in the contract. Moreover, insurers have a right to limit their coverage of risks and, therefore, their liability by imposing exceptions, conditions, and exclusions. However, to be enforced, these limitations must be clearly expressed and must be consistent with public policy.

*Amerisure, Inc. v. Wurster Constr. Co. Inc.*, 818 N.E.2d 998, 1002 (Ind. Ct. App. 2004) (internal citations omitted). "[A] provision in an insurance policy that limits the time in which a suit may be brought to a period less than that fixed by the

statute of limitations is binding, unless it contravenes a statute or public policy." *Burress v. Indiana Farmers Mut. Ins. Group*, 626 N.E.2d 501, 503 (Ind. Ct. App. 1993) (quoting *Brunner v. Economy Preferred Ins. Co*, 597 N.E.2d 1317, 1318 (Ind. Ct. App. 1992)).

The Policy clearly states that "[n]o action shall be brought unless . . . the action is started within one year after the loss." (Ex. A, Policy, p.12). The fire loss occurred on September 2, 2007, nearly two years before Plaintiff filed this action on August 31, 2009. (Complaint ¶ 4). Therefore, even if Plaintiff had standing, Plaintiff's claim for damages stemming from the September 2007 fire would be barred by the clear and reasonable one-year claim limitation term. *See Rockford Mut. Ins. Co. v. Pirtie*, 911 N.E.2d 60, 67 (Ind. Ct. App. 2009) (finding that a one-year claim limitation period in an insurance contract is valid and enforceable); *Burress*, 626 N.E.2d at 503 (enforcing a one year claim limitation term).

Because dismissal is clearly warranted both on the grounds of lack of standing and untimeliness of the claim, the Defendants remaining arguments need not be addressed here.

CONCLUSION

For the reasons set forth above, the Defendants' Motion for Judgment on the Pleadings is **GRANTED**.

**DATED: April 26, 2010**     /s/RUDY LOZANO, Judge
                              **United States District Court**